**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO: 26-60356-LRC** |
| | : | |
| | : | **CHAPTER: 7** |
| **M & N HOLDING GROUP INC** | : | |
| **Debtor** | : | |
| **WILMINGTON TRUST, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2024-1,** | : | |
| **Movant,** | : | |
| | : | **CONTESTED MATTER** |
| **vs.** | : | |
| | : | |
| **M & N HOLDING GROUP INC** | : | |
| **TAMARA MILES OGIER, Trustee** | : | |
| **Respondents.** | : | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that **Wilmington Trust, N.A., not in its individual capacity, but solely as trustee of MFRA Trust 2024-1** has filed a **Motion for *In Rem* Relief from Automatic Stay (Real Property)** (the "**Motion**") and related papers with the Court seeking an order modifying stay.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion at **9:35 AM** on **September 30, 2026**, **in Courtroom 1204, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303**, which must be attended in person, unless the Court orders otherwise.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive, S.W., Suite 1340, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

*Intentionally left blank*

**If a hearing on the Motion cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the Motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.**

Date: August 20, 2026

RUBIN LUBLIN, LLC

By: /s/ Anjali Khosla
Anjali Khosla
GA State Bar No. 838077
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
akhosla@rlselaw.com
Attorney for Creditor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO: 26-60356-LRC** |
| | : | **CHAPTER: 7** |
| | : | |
| **M & N HOLDING GROUP INC** | : | |
| **Debtor** | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - |
| **WILMINGTON TRUST, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2024-1,** | : | |
| **Movant,** | : | |
| | : | **CONTESTED MATTER** |
| **vs.** | : | |
| | : | |
| **M & N HOLDING GROUP INC** | : | |
| **TAMARA MILES OGIER, Trustee** | : | |
| **Respondents.** | : | |

**MOTION FOR *IN REM* RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)**

Wilmington Trust, N.A., not in its individual capacity, but solely as trustee of MFRA Trust 2024-1 ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for *in rem* relief from the Automatic Stay with respect to certain real property of the Debtor having an address of **201 SHADY LANE SW, MABLETON, GA 30126** (the "Property"), for all purposes allowed by law, the Note (defined below), the **Deed to Secure Debt** (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. M & N Holding Group, Inc., a Georgia Corporation through Marcus Fields its CEO/Secretary and Nykeashia Huntly its CFO has executed and delivered or is otherwise obligated with respect to otherwise obligated with respect to that certain Commercial Non-Revolving Line of Credit Promissory Note in the original principal amount of **$342,070.00** (the "Note"). A copy of the Note is attached hereto as Exhibit "A". Movant is an entity entitled to enforce the Note.

2. Pursuant to that certain **Commercial Deed to Secure Debt, Assignment of Leases and**

**Rents, Security Agreement, Financing Statement and Fixture Filing** (the "**Deed to Secure Debt**"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the **Deed to Secure Debt** are secured by the Property. A copy of the **Deed to Secure Debt** is attached hereto as Exhibit "B".

3. The legal description of the Property and recording information is set forth in the **Deed to Secure Debt**, a copy of which is attached hereto, and such description and information is incorporated and made a part hereof by reference.

4. Including the instant case, there have been **three (3)** bankruptcy cases filed against the Property.

- M&N Holding Group Inc filed **Case No. 25-64051,** a skeletal *pro se* chapter 7 bankruptcy on December 2, 2025. The case was subsequently dismissed on December 19, 2025 [Doc. No. 8] for Debtor's failure to pay the bankruptcy filing fee.
- M & N Holding Group Inc filed **Case No. 26-51496,** a skeletal *pro se* chapter 7 bankruptcy on February 3, 2026. The case was subsequently dismissed on February 20, 2026 [Doc. No. 10] for Debtor's failure to pay the bankruptcy filing fee.
- M&N Holding Group Inc filed the instant **Case No. 26-60356,** a skeletal *pro se* chapter 7 bankruptcy on August 4, 2026 the same day as Movant's pending foreclosure sale. A copy of the August 2026 foreclosure notice is attached hereto as Exhibit "C". Movant held the foreclosure sale as it did not become aware of Debtor's bankruptcy filing until after a post-sale bankruptcy check was completed. Movant subsequently rescinded the foreclosure sale.

5. The Debtor in this instant case is a corporation and therefore an artificial entity which cannot represent itself as counsel in federal court and must be represented by a licensed counsel. See *Palazzo v. Gulf Oil Corp*., 764 F.2d 1381 (11th Circ. 1985); *Osborn v. Bank of United States*, 22 U.S. 738

(1824).

6. As of **August 4, 2026**, the outstanding amount of the Obligations less any partial payments or suspense balance is **$310,545.00**. This does not include the attorneys` fees and expenses incurred in connection with preparing and pursuing this Motion, which fees and expenses are set forth in more detail below. The commercial loan matured on **November 1, 2025**. As such, the entire remaining balance of the loan came due at that time.

7. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred **$1,424.00** in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

8. The estimated market value of the Property is **$479,780.00**. The basis for such valuation is **Cobb County Property Assessor** (the "Property Assessment"). A copy of the Property Assessment is attached hereto as Exhibit "D".

9. The Debtor has in this case, and the previous case indicated no intent to proceed in a legitimate bankruptcy case. The Debtor filed no schedules or statements and paid no filing fees in the prior bankruptcy cases and has failed to do so in the instant case as well. The Debtor's filing of the instant case takes advantages of gaps in the bankruptcy code that leave Movant with few options and thus, Movant has no choice but to file this Motion seeking *in rem* relief to protect itself against future filings. Had this and the prior cases been filed by an individual, Movant would not have had to rescind its foreclosure sale held August 4, 2026 because no stay would have gone into effect pursuant to 11 U.S.C. §362 (c)(4). However, because this case was filed by a non-individual, §362 (c)(4) will never apply to any filing by Debtor. Further, 11 U.S.C. §362 (n)(1) would have applied if Debtor's cases were filed as a small business case instead of a Chapter 7 case. Movant's options are limited to either seeking *in rem*

relief or compelling the Debtor by motion to participate in the bankruptcy process.

10. Movant asserts the lack of performance with respect to the mortgage obligations combined with the multiple filings while the balance of the loan remains due, indicate that the filed cases were not filed in good faith and demonstrate an intention to thwart the lender in its attempt to enforce its rights to foreclose this property and ultimately amount to a scheme to delay, hinder and defraud Movant.

11. Cause exists for relief from the automatic stay for the following reasons:

a. Movant`s interest in the Property is not adequately protected.

b. Pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization. The lack of performance with respect to the Debtor`s mortgage obligations while the loan balance remains due, indicate that this case was not filed in good faith and demonstrate the Debtor`s intention to thwart the lender in its attempt to enforce its rights to foreclose this Property.

12. Pursuant to 11 U.S.C. § 362(d)(4), Movant is entitled to a termination of the Automatic Stay with respect to its secured property that will be binding in any other case under this title purporting to affect the Property filed not later than two (2) years after the date of an Order granting said relief since the Debtor has no prospects or intent to reorganize. The multiple bankruptcy filings affecting the Property amount to a scheme to delay, hinder and defraud Movant. These filings have served to delay Movant's ability to exercise its right to foreclose its secured property under the terms of its Note and Deed to Secure Debt.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by law, the Note, the Deed to Secure Debt, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain

possession of the Property.

2. That pursuant to 11 U.S.C. § 362(d)(4), the Court further grant an "*in rem* Order"; thereby holding that any future bankruptcy filings by Movant or others claiming an interest in the Property will not stay Movant from enforcing its state law rights and remedies with respect to the Property.

3. That Movant be authorized to record a copy of this *in rem* Order in the Cobb County, Georgia land records, consistent with the aforementioned Statute and applicable state law.

4. That the 14-day stay described by Bankruptcy Rule 4001(a)(4) be waived.

5. For such other relief as the Court deems proper.

RUBIN LUBLIN, LLC

/s/ Anjali Khosla Date: August 20, 2026

Anjali Khosla
GA State Bar No. 838077
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
akhosla@rlselaw.com
Attorney for Creditor

**CERTIFICATE OF SERVICE**

I hereby certify that on **20th day of August, 2026**, I electronically filed the foregoing **Notice of Assignment of Hearing and Motion for *In Rem* Relief from Automatic Stay (Real Property)** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Tamara Miles Ogier**
**United States Trustee**

I further certify that on this day I caused a copy of this document to be served by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon the following parties at the address shown for each.

**M & N Holding Group Inc**
**Ste D-341**
**2221 Peachtree Rd NE**
**Atlanta, GA 30309**

Dated: **August 20, 2026**

By: /s/ Anjali Khosla
Anjali Khosla
GA State Bar No. 838077
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
akhosla@rlselaw.com
Attorney for Creditor